JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Juan Acosta Dominguez

**DEFENDANTS**
Maburn Edward Whitaker and South East Carriers, Inc.

**(b)** County of Residence of First Listed Plaintiff    Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Tennessee
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ruy Mireles and Mario Davila, Law Offices of Mario Davila, PLLC, P.O. Box 3726, McAllen, Texas 78502. (956) 682-3535

Attorneys *(If Known)*
P. Clark Aspy and Jay P. Lea, Naman Howell Smith & Lee, PLLC, 8310 N. Capital of Texas Hwy., Suite 490, Austin, Texas 78731 (512) 479-0300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government
     Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1441(a)
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
01/15/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ P. Clark Aspy

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

EXHIBIT A

 (https://www.traviscountytx.gov)

## District Clerk - AARO - Attorney Access to Records Online

# Details

Updated : Friday, January 15, 2021 4:35:15 AM

Request Documents (https://www.traviscountytx.gov/district

New Search (/aaro/)

**Cause Number**
D-1-GN-20-006510
**Style**
DOMINGUEZ V WHITAKER
**Filed Date**
10/26/2020
**Court**
261
**Type**
MOTOR VEHICLE ACCIDENT (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| ASPY P. CLARK | DEFENDANT | SOUTH EAST CARRIERS INC | |
| ASPY P. CLARK | DEFENDANT | | WHITAKER , MABURN EDWARD |
| MIRELES RUY | PLAINTIFF | | DOMINGUEZ ACOSTA , JUAN |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 1/11/2021 | 261 | DF | ANSWER/RESPONSE | ANS-RESP | 3 | Download (/aaro/Default/GetPdf?barCodeId=7437275) |
| 11/27/2020 | 261 | DF | ISS:CITATION SEC ST-INS-HWY | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7374905) |
| 11/25/2020 | 261 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7374904) |
| 11/25/2020 | 261 | DF | CIT INS-HWY SIGNED & SEALED | ISSUANCE | 0 | PDF not available |
| 11/25/2020 | 261 | DF | CIT INS-HWY SIGNED & SEALED | ISSUANCE | 0 | PDF not available |
| 10/26/2020 | 261 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 55 | Download (/aaro/Default/GetPdf?barCodeId=7333383) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

© 2021 Travis County, Texas - All rights reserved.

EXHIBIT A

# ALLAMERICAN AGENTS OF PROCESS

PO BOX 1065, SIOUX FALLS SD 57101-1065                    Ph (605) 335-8840  Fx (888) 343-0996

December 30, 2020

South East Carriers, Inc.
P.O. Box 754
Lawrenceburg, TN 38464

## RE: MC191696, CITATION AND PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS, JUAN ACOSTA DOMINGUEZ (Plaintiff), CAUSE NO. D-1-GN-20-006510

To Whom It May Concern:

AllAmerican Agents of Process received the enclosed information, on behalf of South East Carriers, Inc. We previously e-mailed you copies and mailed the originals.

Also enclosed find our invoice for service provided. Please make payment upon receipt.

Sincerely,

Customer Service

EXHIBIT A

# ALLAMERICAN AGENTS OF PROCESS

PO BOX 1065, SIOUX FALLS SD 57101-1065                    Ph (605) 335-8840  Fx (888) 343-0996

**SOUTH EAST CARRIERS, INC.**
**PO BOX 754**
**LAWRENCEBURG, TN 38464**

Description                                                    Charge

Service of Papers for MC191696
Date of Service – 12/18/20
TX/ CITATION AND PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS,
JUAN ACOSTA DOMINGUEZ (Plaintiff), CAUSE NO. D-1-GN-20-006510

$100.00

**TOTAL CHARGES:**      **$100.00**

**Payment is due upon receipt.**

**Mail check or money order to:**
AllAmerican Agents of Process
P.O. Box 1065, Sioux Falls SD  57101-1065

**To pay with credit card, complete the information below and fax to (888) 343-0996**

Cardholder Signature: _____
By signing, I authorize the use of the credit card information provided for the amount listed above.

Cardholder Name: _____  Card Code *: _____

Credit Card #: _____  Exp. Date: _____

Credit Card Billing Address: _____ Billing Zip: _____

EXHIBIT A



**U.S. Department of Transportation**
**Federal Motor Carrier Safety Administration**
# Licensing and Insurance Public

## Motor Carrier Details

| US DOT: | 272134 | Docket Number: | MC00191696 |
|---|---|---|---|
| Legal Name: | SOUTH EAST CARRIERS, INC. | | |

| Doing-Business-As Name: | |
|---|---|
| | |

| Business Address | Business Telephone and Fax | Mail Address | Mail Telephone and Fax | Undeliverable Mail |
|---|---|---|---|---|
| 1905 MAHR AVE., P. O. BOX 754 LAWRENCEBURG TN 38464 | (615) 762-5472 | P O BOX 754 LAWRENCEBURG TN 38464 | | NO |

| Authority Type | Authority Status | Application Pending |
|---|---|---|
| Common | ACTIVE | NO |
| Contract | ACTIVE | NO |
| Broker | INACTIVE | NO |

| Property | Passenger | Household Goods | Private | Enterprise |
|---|---|---|---|---|
| YES | NO | NO | NO | NO |

| Insurance Type | Insurance Required | Insurance on File |
|---|---|---|
| BIPD | $750,000 | $1,000,000 |
| Cargo | NO | YES |
| Bond | YES | NO |

**BOC-3:** YES

**Blanket Company:**   ALL AMERICAN AGENTS OF PROCESS

Web Site Content and BOC-3 Information Clarification

| Active/Pending Insurance | Rejected Insurance | Insurance History | Authority History | Pending Application | Revocation |
|---|---|---|---|---|---|

December 30, 2020



FMCSA Home | DOT Home | Feedback | Privacy Policy | USA.gov | Freedom of Information Act (FOIA) | Accessibility | OIG Hotline | Web Policies and Important Links | Plug-ins | Related Sites | Help

Federal Motor Carrier Safety Administration
1200 New Jersey Avenue SE, Washington, DC 20590 - 1-800-832-5660 - TTY: 1-800-877-8339 - Field Office Contacts

EXHIBIT A

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-006510**

Rcv'D 10
Dec.'?

JUAN ACOSTA DOMINGUEZ

, Plaintiff

vs.
MABURN EDWARD WHITAKER AND SOUTH EAST CARRIERS INC.

, Defendant

TO:   SOUTH EAST CARRIERS INC.
      BY SERVING ITS REGISTERED AGENT, JEFFREY FULTZ
      10343 SAM HOUSTON PARK DR #210
      HOUSTON, TEXAS 77064-4656

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS</u>  of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>OCTOBER 26, 2020</u>  in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 25, 2020</u>.

REQUESTED BY:
RUY MIRELES
PO BOX 3726
MCALLEN, TX 78502
BUSINESS PHONE:(956)682-3535   FAX:(956)682-3550



**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: JESSICA A.-LIMON

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and
executed at _____ within the County of
_____ on the _____ day of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each
in person, a true copy of this citation together with the <u>PLAINTIFF'S ORIGINAL PETITION AND</u>
<u>DISCOVERY REQUESTS</u> accompanying pleading, having first attached such copy of such citation to such
copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

**D-1-GN-20-006510**

SERVICE FEE NOT PAID

**P01 - 000100555**

<span style="color:red">EXHIBIT A</span>

10/26/2020 2:00 PM
Velva L. Pri
District Cler
Travis Coun
D-1-GN-20-0065
Jessica A. Lim

CAUSE NO. D-1-GN-20-006510

| | | |
|---|---|---|
| JUAN ACOSTA DOMINGUEZ PLAINTIFF, | § § § § § § § § § § § | IN THE DISTRICT COURT |
| V. | | 261ST JUDICIAL DISTRICT |
| MABURN EDWARD WHITAKER AND SOUTH EAST CARRIERS, INC. DEFENDANTS | | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN ACOSTA DOMINGUEZ complaining of DEFENDANTS MABURN EDWARD WHITAKER AND SOUTH EAST CARRIERS, INC., (hereinafter referred to by name and/or "DEFENDANTS") and for cause of action would respectfully show the Court the following:

### I. DISCOVERY PLAN AND DISCOVERY REQUESTS

PLAINTIFF intend to conduct discovery under Level 3 pursuant to Rule 190, Texas Rules Civil Procedure.

PLAINTIFF requests pursuant to Rule 194, 196, 197 and 198 that DEFENDANTS disclose within fifty (50) days of filing of service of this request, the information or material described in Rule 194.2 A – L of the Texas Rules of Civil Procedure and the Interrogatories, Production and Admissions herein attached as Exhibit "A". The original answers are to be forwarded to PLAINTIFFS' attorney of record.

### II. THE PLAINTIFF

JUAN ACOSTA DOMINGUEZ, (hereinafter referred to by name and/or "PLAINTIFFS") is a resident of TRAVIS County, Texas.

EXHIBIT A

## III. THE DEFENDANTS

**DEFENDANT, MABURN EDWARD WHITAKER** (hereinafter referred to as "Defendant WHITAKER"), is an individual residing in The State of Tennessee, at **435 S. Brace Rd., Ethridge, TN 38456730**. Pursuant to §17.062 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, non-resident Defendant WHITAKER may be served with process by serving the Chairman of the Texas Transportation Commission at: **J. Bruce Bugg Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701.** Service upon the Chairman of the Texas Transportation Commission is proper pursuant to §17.062 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because this cause of action grew out of a collision and/or accident in which non-resident Defendant MILLER was involved while operating a motor vehicle within The State of Texas.

**Service of TWO COPIES OF CITATION AND PETITION is requested upon the Chairman of the Texas Transportation Commission by certified mail, return receipt requested by "Private Process" as authorized by the Court.**

**DEFENDANT, SOUTH EAST CARRIERS, INC.,** is a business entity doing business in the County of TRAVIS in the State of Texas, and may be served with process by serving registered agent **Jeffrey Fultz** at: 10343 Sam Houston Park Dr., #210, Houston, Texas 77064-4656.

## IV. ASSUMED NAMES

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, PLAINTIFF is suing any partnership, unincorporated association, a private corporation or individual whose name contains the words or who does business under or as **SOUTH EAST CARRIERS, INC.** It is the intent of PLAINTIFF to file a lawsuit against the owners, occupiers, property managers and/or controllers of the tractor with Vin number: 3HSDZAPR6JN497945, license plate: H41662HY.

EXHIBIT A

## V. JURISDICTION

### A.    In Personam—Defendant WHITAKER:

The Court has *in personam* jurisdiction over Defendant WHITAKER because he purposefully established more than minimum contacts with The State of Texas in both *de jure* and *de facto* capacities, to wit:

### 1. De Jure

Pursuant to §17.042 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, by committing a tort constituting the conducting and/or doing of business in whole or in part within The State of Texas.

### 2. De Facto

By operating a motor vehicle upon the public roadways within The State of Texas; such activity being that which gives rise to this cause of action.

### B.    In Personam—Defendant SOUTH EAST CARRIERS, INC.:

The Court has *in personam* jurisdiction over Defendant SOUTH EAST CARRIERS, INC. because said Defendant purposefully availed itself of the privilege of conducting activities within The State of Texas; and/or because said Defendant purposefully established more than minimum contacts with The State of Texas by conducting and/or doing business in The State of Texas in both *de jure* and *de facto* capacities, to wit:

### 1. De Jure

1. Pursuant to §17.042 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, by committing a tort in whole or in part within The State of Texas.

### 2. De Facto

EXHIBIT A

**a.** By accepting one or more engagements to haul and/or deliver goods to, from, and/or through points located within The State of Texas;

**b.** commissioning one or more of its vehicles to carry out the hauling and/or delivery of goods to, from, and/or through points located within The State of Texas;

**c.** causing a person in its employ to operate a motor vehicle within The State of Texas for the purpose of hauling and/or delivering goods to, from, and/or through points located within The State of Texas; and,

**d.** the basis of such activity being that which gives rise to this cause of action.

**C.**   **Subject Matter—All Defendants:**

The Court has subject matter jurisdiction over the case at bar because the Plaintiffs believe and allege that they have been injured and that the resulting damages are of an amount in excess of the minimum jurisdictional limits of the Court. PLAINTIFF has sustained damages in a monetary relief over $1,000,000.00 within the jurisdictional requirements of this Court.

VI. VENUE

Venue of this proceeding is proper in TRAVIS County, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1) since TRAVIS County is the County where all or a substantial part of the events or omissions giving rise to the claim occurred.

EXHIBIT A

## VII. BACKGROUND FACTS

On or about MAY 22, 2019, PLAINTIFF JUAN ACOSTA DOMINGUEZ was involved in a collision with another vehicle operated by DEFENDANT **MABURN EDWARD WHITAKER**, caused by DEFENDANT **MABURN EDWARD WHITAKER'S** negligence. DEFENDANT **SOUTH EAST CARRIERS, INC.,** were the owners of the vehicle that was being operated by DEFENDANT **MABURN EDWARD WHITAKER.** Specifically, Plaintiff **JUAN ACOSTA DOMINGUEZ** was driving on the far left lane at the 5600 block on E. William Cannon Dr., In Austin, Texas. Defendant WHITAKER was driving on the right lane at the 5600 block on E. William Cannon Dr. Defendant WHITAKER turned into Plaintiff's path/lane while attempting to make an unsafe U-turn and struck Plaintiff's back right portion of the vehicle with his left front bumper and caused the car crash. As a result of the car crash, PLAINTIFF'S vehicle was damaged and he suffered severe personal injuries.

## VII. CAUSES OF ACTION AGAINST DEFENDANTS

PLAINTIFF incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein. PLAINTIFF asserts claims against DEFENDANTS for its responsibility of PLAINTIFF'S damages as follows:

A.      **NEGLIGENCE**

PLAINTIFF has a negligence cause of action against DEFENDANT MABURN EDWARD WHITAKER, because he meets the following required elements:

1.      The DEFENDANT, MABURN EDWARD WHITAKER owed a legal duty to the PLAINTIFF;

2.      The DEFENDANT, MABURN EDWARD WHITAKER breached the duty; and

3.      The breach proximately caused the PLAINTIFF'S injuries.

Defendant MABURN EDWARD WHITAKER, was negligent with respect to the acts and omissions described below. Defendant's negligence consisted of, but is not limited to, the following:

a.      Failing to keep a proper lookout for PLAINTIFF; *Texas Transportation Code §545.401*;

b.      Failing to avoid the incident in question;

c.      Driver inattention; *Texas Transportation Code §545.401;*

d.      Taking faulty evasive action;

e.      Distracted driving; *Texas Transportation Code §545.401*;

f.      Failing to drive as a reasonable and prudent person would have driven under the same or similar circumstances.

Each of these acts and/or omissions of Defendant MABURN EDWARD WHITAKER, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which PLAINTIFF suffered and will continue to suffer in the future. PLAINTIFF suffered and will continue to suffer in the future.

## B.   <ins>RESPONDEAT SUPERIOR</ins>

PLAINTIFF has a cause of action against DEFENDANTS **SOUTH EAST CARRIERS, INC.,** under the theory of respondeat superior because he meets the following required elements:

a.      The PLAINTIFFS were injured as a result of the tort;

b.      The tortfeasor was an employee of the defendant; and

c.      The tort was committed while the employee was acting within the scope of employment; that is, the act was

     (1)    within the employee's general liability,

     (2)    in furtherance of the defendant's business;

     (3)    in furtherance of the object for which the employee was hired.

At all times pertinent, DEFENDANT **SOUTH EAST CARRIERS, INC.,** and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards Plaintiffs by:

a.      Failing to train its employees regarding proper procedures on following distance and stopping distance;

b.      Failing to supervise its agents, servants and/or employees to insure the safety of

other drivers on the roadway;

c.   Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicle;

d.   Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery;

e.   Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

These conditions and activities existed despite the fact that DEFENDANT **SOUTH EAST CARRIERS, INC.'s** agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was a likelihood of a person being injured as occurred to Plaintiffs.

Furthermore, Plaintiff would show the Court that had DEFENDANT **SOUTH EAST CARRIERS, INC.,** agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiffs allege that each and every, all and singular, of the foregoing acts and/or omissions on the part of MABURN EDWARD WHITAKER, constituted negligence which was and is a direct and proximate result of plaintiffs' serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for DEFENDANTS **SOUTH EAST CARRIERS, INC. and/or ENTERPRISE PRODUCTS COMPANY,** who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, DEFENDANTS **SOUTH EAST CARRIERS, INC. and/or ENTERPRISE PRODUCTS COMPANY** are further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## C.   NEGLIGENT ENTRUSTMENT

PLAINTIFF has a negligent entrustment cause of action against DEFENDANT **SOUTH EAST CARRIERS, INC.**, because PLAINTIFF meets the following required elements:

a.   The owners entrusted its vehicle to another person;

b.   That person was an unlicensed, incompetent, or reckless driver;

c.   The owners knew or should have known the driver was unlicensed, incompetent, or reckless;

d.   The driver was negligent on the occasion in question; and

e.   The driver's negligence proximately caused the PLAINTIFFS' injury.

## X. PLAINTIFF'S DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, PLAINTIFF was caused to suffer, and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by PLAINTIFFS for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in TRAVIS County, Texas;

B.   Reasonable and necessary medical care and expenses which in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Loss of earnings in the past;

H.   Loss of earning capacity which will, in all probability, be incurred in the future;

I.   Mental anguish in the past; and

J.   Mental anguish in the future.

K.   Property damage

L.   Loss of use

EXHIBIT A

## IX. PRAYER

WHEREFORE, **PLAINTIFF** request that **DEFENDANTS** be cited to appear and answer and that, on final trial, **PLAINTIFF** has the following:

A.  Judgment against **DEFENDANTS** in a monetary relief over $1,000,000.00 within the jurisdictional limits of this court;

B.  Prejudgment and post judgment interest as provided by law; and

C.  Such other relief to which **PLAINTIFF** may be justly entitled.

**Respectfully submitted,**

**LAW OFFICES OF MARIO DAVILA, PLLC**
**P.O. Box 3726**
**McAllen, Texas 78502**
**Telephone (956) 682-3535**
**Facsimile (956) 682-3550**

BY:  _____ **/S/Ruy Mireles**
**RUY MIRELES**
**Texas State Bar No.: 24090268**
**MARIO DAVILA**
**Texas State Bar No.: 24045750**
**Email: RuyMDlaw@gmail.com**
**Eservice: MDLawLitigation@gmail.com**
**Attorney for PLAINTIFF**

EXHIBIT A

# EXHIBIT "A"

## PLAINTIFF JUAN ACOSTA DOMINGUEZ FIRST SET OF INTERROGATORIES TO DEFENDANT SOUTH EAST CARRIERS, INC.

1.      Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the Answers to these Interrogatories by: full name, address, telephone number, job title, place of employment, date of birth and social security number.

**ANSWER:**

2.      Identify each person or entity with possession, custody or control of documents relevant to this lawsuit.

**ANSWER:**

3.      Please describe the educational background of DEFENDANT, MABURN EDWARD WHITAKER, by listing the names and locations of all educational institutions attended. Identify any diplomas, degrees and/or certifications received and the dates of graduation.

**ANSWER:**

4.      Describe how the accident made the basis of this lawsuit occurred. Include in your description the speed of the vehicles involved at the time of the accident made the basis of this lawsuit.

**ANSWER:**

5.      List each place DEFENDANT, MABURN EDWARD WHITAKER, had been in the four-hour period before the subject accident, and whether he was acting within the course and scope of employment at the time of accident made the basis of this lawsuit.

**ANSWER:**

6.      If DEFENDANT, MABURN EDWARD WHITAKER, was not an employee of DEFENDANT, SOUTH EAST CARRIERS, INC. at the time of the subject accident, please describe the relationship of DEFENDANT, MABURN EDWARD WHITAKER with DEFENDANT, SOUTH EAST CARRIERS, INC. at the time of the accident made the basis of this lawsuit (i.e., agent, contractor, etc.).

**ANSWER:**

7.      State whether DEFENDANT, MABURN EDWARD WHITAKER, has been charged, arrested, and/or convicted of any crimes and/or misdemeanors including any felonies of moral turpitude and any traffic violations, within ten (10) years of the date these Answers are filed and, if so, please state the date, the State and County of the offense, the nature of the charge, and the ultimate disposition of the case.

EXHIBIT A

**ANSWER:**

8. Has DEFENDANT, MABURN EDWARD WHITAKER, ever been involved in any accident either ten (10) years prior to or subsequent accident made the basis of this lawsuit including, but not limited to, motor vehicle accidents, on the job accidents, industrial accidents, home, recreational or sporting accidents, or any other type of accidents. If so, please state when such accident took place, describe the nature of any injuries sustained in any such accident, and give the name, address and telephone number of any health care provider who was consulted or who treated DEFENDANT, MABURN EDWARD WHITAKER for such injury.

**ANSWER:**

9. Please state whether DEFENDANT, MABURN EDWARD WHITAKER, has ever been involved in any other incident while operating a vehicle owned, operated and maintained by DEFENDANT, SOUTH EAST CARRIERS, INC., at any time prior to or subsequent to the subject accident of MAY 22, 2019. If so, please state the date of each accident, all parties involved in each accident by full name and address, describe the nature of any injuries sustained in each accident and whether a claim and/or lawsuit was filed against DEFENDANT, SOUTH EAST CARRIERS, INC. and, if so, please provide the claim numbers and/or Court and cause numbers for each lawsuit filed.

**ANSWER:**

10. Please state in detail the employment history for DEFENDANT, MABURN EDWARD WHITAKER for the last ten (10) years up to the date of the accident made the basis of this lawsuit, including the names and addresses of all employers and immediate supervisors, job titles, specific job duties, wages (hourly or weekly) or salary, and all reasons for leaving each employment. If DEFENDANT, MABURN EDWARD WHITAKER, was self-employed during this period of time, please indicate the periods of self-employment, the type of work performed, the rate of pay, the total amount of wages received, and the reason for termination of that self-employment.

**ANSWER:**

11. Has DEFENDANT, MABURN EDWARD WHITAKER, ever been a party to a claim or lawsuit either prior to or subsequent to the present lawsuit or made a claim with respect to personal injuries such as in the present cause? If so, state the nature of the lawsuit, the Court where each such lawsuit is pending or took place, and include the complete style of the cause of action, the date each such lawsuit was filed, whether each lawsuit is pending and, if not, the final disposition of the case. If no lawsuit was filed, state the nature of each personal injury claim, the result of the claim and the party to whom the claim was made.
**ANSWER:**

12. Describe in detail any conversations DEFENDANT, MABURN EDWARD WHITAKER has had with Plaintiff or Plaintiff's representatives at any time following the subject motor vehicle accident (i.e., at the scene of the subject accident, immediately following the subject accident, or at any time since the occurrence of the subject motor vehicle accident).

EXHIBIT A

<u>ANSWER:</u>

13.     Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC.'s, truck, tractor and/or trailer involved in the subject accident of MAY 22, 2019 at the time of the occurrence of the subject accident up to and including the present date.

<u>ANSWER:</u>

14.     Please state whether you contend that any of the following caused or contributed to the happening of the subject accident on MAY 22, 2019:

     (a)     Comparative negligence or other fault on the part of the Plaintiff;

     (b)     Comparative negligence or other fault on the part of Defendants; and/or

     (c)     Comparative negligence or fault, of any nature or description, on the part of any third party (including persons or entitles not presently parties to this lawsuit). Please provide the full name and address and/or business address for each third party identified.

<u>ANSWER:</u>

15.     Do you deny that you were negligent in the collision involved herein? If so, state each and every fact upon which the denial of negligence is based.

<u>ANSWER:</u>

16.     Please provide the following information concerning all cell phones, iPads, tablets or other mobile devices in the vehicle that you were driving at the time of the subject collision:

     (a)     The phone number for each device;

     (b)     The carrier for each device;

     (c)     What the device was (for example, was it an iPhone 10, a Samsung Galaxy, etc.); and

     (d)     Whether you were using the device at the time of the crash or the five minutes preceding the crash.

<u>ANSWER:</u>

EXHIBIT A

## PLAINTIFF JUAN ACOSTA DOMINGUEZ'S FIRST SET OF INTERROGATORIES TO DEFENDANT MABURN EDWARD WHITAKER

1.      Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the Answers to these Interrogatories by: full name, address, telephone number, job title, place of employment, date of birth and social security number.

**ANSWER:**

2.      Identify each person or entity with possession, custody or control of documents relevant to this lawsuit.

**ANSWER:**

3.      Please describe the educational background of DEFENDANT, MABURN EDWARD WHITAKER, by listing the names and locations of all educational institutions attended. Identify any diplomas, degrees and/or certifications received and the dates of graduation.

**ANSWER:**

4.      Describe how the accident made the basis of this lawsuit occurred.  Include in your description the speed of the vehicles involved at the time of the accident made the basis of this lawsuit.

**ANSWER:**

5.      List each place DEFENDANT, MABURN EDWARD WHITAKER, had been in the four-hour period before the subject accident, and whether he was acting within the course and scope of employment at the time of accident made the basis of this lawsuit.

**ANSWER:**

6.      If DEFENDANT, MABURN EDWARD WHITAKER, was not an employee of DEFENDANT, SOUTH EAST CARRIERS, INC., at the time of the subject accident, please describe the relationship of DEFENDANT, MABURN EDWARD WHITAKER with DEFENDANT, SOUTH EAST CARRIERS, INC., at the time of the accident made the basis of this lawsuit (i.e., agent, contractor, etc.).

**ANSWER:**

7.      State whether DEFENDANT, MABURN EDWARD WHITAKER, has been charged, arrested, and/or convicted of any crimes and/or misdemeanors including any felonies of moral turpitude and any traffic violations, within ten (10) years of the date these Answers are filed and, if so, please state the date, the State and County of the offense, the nature of the charge, and the ultimate disposition of the case.
**ANSWER:**

EXHIBIT A

8.    Has DEFENDANT, MABURN EDWARD WHITAKER, ever been involved in any accident either ten (10) years prior to or subsequent accident made the basis of this lawsuit including, but not limited to, motor vehicle accidents, on the job accidents, industrial accidents, home, recreational or sporting accidents, or any other type of accidents. If so, please state when such accident took place, describe the nature of any injuries sustained in any such accident, and give the name, address and telephone number of any health care provider who was consulted or who treated DEFENDANT, MABURN EDWARD WHITAKER for such injury.

**ANSWER:**

9.    Please state whether DEFENDANT, MABURN EDWARD WHITAKER, has ever been involved in any other incident while operating a vehicle owned, operated and maintained by DEFENDANTS, SOUTH EAST CARRIERS, INC., at any time prior to or subsequent to the subject accident of MAY 22, 2019. If so, please state the date of each accident, all parties involved in each accident by full name and address, describe the nature of any injuries sustained in each accident and whether a claim and/or lawsuit was filed against DEFENDANTS, MABURN EDWARD WHITAKER, and/or DEFENDANTS, SOUTH EAST CARRIERS, INC., and, if so, please provide the claim numbers and/or Court and cause numbers for each lawsuit filed.

**ANSWER:**

10.    Please state in detail the employment history for DEFENDANT, MABURN EDWARD WHITAKER for the last ten (10) years up to the date of the accident made the basis of this lawsuit, including the names and addresses of all employers and immediate supervisors, job titles, specific job duties, wages (hourly or weekly) or salary, and all reasons for leaving each employment. If DEFENDANT, MABURN EDWARD WHITAKER, was self-employed during this period of time, please indicate the periods of self-employment, the type of work performed, the rate of pay, the total amount of wages received, and the reason for termination of that self-employment.

**ANSWER:**

11.    Has DEFENDANT, MABURN EDWARD WHITAKER, ever been a party to a claim or lawsuit either prior to or subsequent to the present lawsuit or made a claim with respect to personal injuries such as in the present cause? If so, state the nature of the lawsuit, the Court where each such lawsuit is pending or took place, and include the complete style of the cause of action, the date each such lawsuit was filed, whether each lawsuit is pending and, if not, the final disposition of the case. If no lawsuit was filed, state the nature of each personal injury claim, the result of the claim and the party to whom the claim was made.

**ANSWER:**

12.    Describe in detail any conversations DEFENDANT, MABURN EDWARD WHITAKER has had with Plaintiff or Plaintiff's representatives at any time following the subject motor vehicle accident (i.e., at the scene of the subject accident, immediately following the subject accident, or at any time since the occurrence of the subject motor vehicle accident).
**ANSWER:**

EXHIBIT A

13.    Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC.'s, truck, tractor and/or trailer involved in the subject accident of MAY 22, 2019 at the time of the occurrence of the subject accident up to and including the present date.

**ANSWER:**

14.    Please state whether you contend that any of the following caused or contributed to the happening of the subject accident on MAY 22, 2019:

      (a)    Comparative negligence or other fault on the part of the Plaintiff;

      (b)    Comparative negligence or other fault on the part of Defendants; and/or

      (c)    Comparative negligence or fault, of any nature or description, on the part of any third party (including persons or entitles not presently parties to this lawsuit). Please provide the full name and address and/or business address for each third party identified.

**ANSWER:**

EXHIBIT A

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT SOUTH EAST CARRIERS, INC.

1.      Produce the complete investigation file of your insurance company, or of any insurance company, participating in any manner in the investigation or defense of this cause of action, (except for mental impressions and privileged communications with attorneys and statements made to the insurance company by the defendants) pertaining to their investigation of any issue in this case, including, but not limited to, any records obtained by any insurance adjuster or investigator, inter office records, reports made by the plaintiff or any other non-defendant witness or entity to the agency or insurance company or their representatives that sold them liability insurance, communications or correspondence that contain relevant evidence or might lead to the discovery of relevant evidence on any issue in this cause.

**RESPONSE:**

2.      Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis either in whole or in part of the opinions of any expert who is to be called as a witness.

**RESPONSE:**

3.      Produce copies of the files of all experts including, but not limited to, all working papers, notes, calculations, diagrams, photographs, models, exhibits and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial.

**RESPONSE:**

4.      Produce copies of all reports, opinions and mental impressions by all consulting experts whose reports, opinions and mental impressions have been reviewed by testifying experts.

**RESPONSE:**

5.      Produce copies of all treatises, rules, regulations, guidelines, statutes, policies or procedures, and any other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE:**

6.      Produce copies of invoices, bills or other billing materials for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

**RESPONSE:**

7.      Produce a copy of the *Curriculum Vitae*, if available, for each expert Defendants intend to utilize in this case.

EXHIBIT A

**RESPONSE:**

8.     Produce copies of all statements, either oral or written, made by the Plaintiff or any representative on behalf of Plaintiff concerning the subject matter of this lawsuit.

**RESPONSE:**

9.     Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writings sent to or received from or exchanged by and between Defendants and Plaintiff or Plaintiff's representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

10.     Produce copies of all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party, as a result of or relating to this lawsuit.

**RESPONSE:**

11.     Produce copies of all identifying documentation or materials in Defendants' possession pertaining to any non-party to this lawsuit named by Defendants that may be liable to Plaintiff for damages incurred as a result of the subject motor vehicle accident.

**RESPONSE:**

12.     Produce a copy of the title, registration, and any and all other identifying documentation pertaining to the vehicle of the vehicle that Defendant, MABURN EDWARD WHITAKER, was operating at the time of the subject motor vehicle accident.

**RESPONSE:**

13.     Produce a copy of all inspection and maintenance records pertaining to the vehicle of the vehicle or vehicle that Defendant, MABURN EDWARD WHITAKER, was operating at the time of the subject motor vehicle accident dated from MAY 22, 2019 up to and including AUGUST 8, 2020, the date of the subject motor vehicle accident.

**RESPONSE:**

14.     Produce a copy of Defendant, MABURN EDWARD WHITAKER'S personal driver's license and commercial driver's license.

**RESPONSE:**

EXHIBIT A

15.     Produce a copy of Defendant, MABURN EDWARD WHITAKER'S social security card.

**RESPONSE:**

16.     Produce copies of all still and moving photographs that are relevant to any issue involved in this lawsuit including, but not limited to, photographs that depict the scene of the accident and/or vehicles, the median barrier involved in the accident, and individuals involved in the subject accident.

**RESPONSE:**

17.     Produce copies of all repair estimates, appraisals, receipts, repair bills and/or other documents that describe and/or in any way relate to the damage done to and/or repair done to Defendants' vehicle as a result of the accident made the basis of this lawsuit.

**RESPONSE:**

18.     Produce copies of all repair and maintenance records and vehicle inspections concerning Defendant, number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC.'s vehicle involved in this cause, both two (2) years before and at all times after the subject accident.

**RESPONSE:**

19.     Produce copies of all drawings, maps, or sketches of the scene and/or vehicles involved in the subject accident.

**RESPONSE:**

20.     Produce copies of any surveillance movies, photographs or videotapes of Plaintiff or of the accident made the basis of this lawsuit.

**RESPONSE:**

21.     Produce a copy of any internal incident reports regarding the accident made the basis of this lawsuit which were made by Defendant and/or representatives of Defendant.

**RESPONSE:**

22.     Produce a copy of any citation and/or any final judgments received by any party as a result of the subject accident.

**RESPONSE:**

23.     Produce copies of all documentation in the possession of number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC., pertaining to Defendant, MABURN EDWARD WHITAKER including, but not limited to, his entire personnel and/or employment files including, but not limited to, all medical physicals, medical examiner's certificates, checkups and drug testing, all past employment records, all disciplinary notices of reprimands, applications and follow-up reference reports and/or investigation of MABURN EDWARD WHITAKER, contractor agreements, payroll records, time cards, etc.).

**RESPONSE:**

24.     Produce a copy of Defendant, MABURN EDWARD WHITAKER' payroll records containing dates and times on and off from work from MARCH 1, 2019 TO SEPTEMEBR 1, 2019.

**RESPONSE:**

25.     Produce a copy of any and all documents or exhibits Defendant intends to utilize at trial.

**RESPONSE:**

26.     Produce a certified copy of each and every policy of insurance which may provide coverage to Defendants with respect to the subject motor vehicle accident, including all primary, excess or umbrella policies.

**RESPONSE:**

27.     Produce a copy of Defendant, MABURN EDWARD WHITAKER' log book, if any, from March 1, 2019 to Septemebr 1, 2019.

**RESPONSE:**

28.     Produce the original or a copy of the log book for Defendant, SOUTH EAST CARRIERS, INC.'s vehicle involved in the subject accident on MAY 22, 2019.

**RESPONSE:**

29.     Produce a copy of the State of Texas and United States Department of Transportation reports, if any, filled out by Defendant, MABURN EDWARD WHITAKER pertaining to the subject motor vehicle accident.

**RESPONSE:**

EXHIBIT A

30.     Produce any and all documents or materials (including, but not limited to, driving manuals, safety manuals, policy manuals, maintenance manuals, reports, training videos or materials, memoranda, letters, notes or other data) related to the operation, maintenance, repair or use of the vehicle driven by Defendant, MABURN EDWARD WHITAKER, at the time of the subject accident, in effect on or about MAY 22, 2019, and all subsequent versions of each document to the present date.

**RESPONSE:**

31.     Produce any and all materials provided by Defendant, SOUTH EAST CARRIERS, INC., to Defendant, MABURN EDWARD WHITAKER, pertaining to the operation of the vehicle involved in the subject accident including, but not limited to, driving and safety instructions and manuals, safety videotapes, operations guides, etc., in effect on or about MAY 22, 2019, and all subsequent versions of each to the present date.

**RESPONSE:**

32.     Produce a copy of the employee rules which govern the compliance with Federal Highway Administration-Department of Transportation, Texas Department of Transportation, U.S. Department of Transportation, Code of Federal Regulations Section 395 styled "Hours of Service of Drivers" and any like State of Texas regulations to the same effect.

**RESPONSE:**

33.     Produce a copy of the duty status reports of Defendant, SOUTH EAST CARRIERS, INC.'s driver, Defendant, MABURN EDWARD WHITAKER, dated from MARCH 1, 2019 TO SEPTEMEBR 1, 2019 and all Daily Log documents).

**RESPONSE:**

34.     Produce a copy of any and all contingent agreements including, but not limited to, trip lease agreements, independent contractor agreements and employment agreements between Defendant, SOUTH EAST CARRIERS, INC. and its driver, Defendant, MABURN EDWARD WHITAKER.

**RESPONSE:**

35.     Produce a copy of the route slip(s) for the twenty-four (24) hour period of time before 2:16 p.m. on MAY 22, 2019 and for the twelve (12) hour period following.

**RESPONSE:**

36.     Produce a copy of Defendant, SOUTH EAST CARRIERS, INC.'s daily vehicle inspection reports pertaining to the vehicle involved in the accident of MAY 22, 2019 dated from MAY 22, 2019 TO AUGUST 8, 2020, including all records that verify safety defects and certified

corrections of safety defects.

**RESPONSE:**

37.    Produce any and all documents (from MARCH 1, 2019 TO SEPTEMEBR 1, 2019 ) relating to Defendant, SOUTH EAST CARRIERS, INC.'s vehicle (which includes vehicle unit) which was involved in the MAY 22, 2019 accident including, but not limited to, state entrance records, satellite tracking records, checkpoint records, fuel receipts, toll tickets, fuel tax records, federal use tax records, gross receipts tax records for state filing, state permits, weigh tickets, mileage records, company regulatory compliance records, dispatch records and phone logs and bills.

**RESPONSE:**

38.    Produce any and all records, bills, hospital records, medical records, receipts, pharmacy records, or any other similar records generated as a result of any non-party requests for production relating to Plaintiff's injuries.

**RESPONSE:**

39.    Produce any and all documents (including, but not limited to, police reports, traffic tickets, violations and/or citations) pertaining to Defendant, MABURN EDWARD WHITAKER' and any criminal activity or history, including any arrests or convictions of any misdemeanor or felony crimes.

**RESPONSE:**

40.    Produce a copy of each and every document requested to be identified, which was identified or which was referred to in Defendants' Answers to Plaintiff's Interrogatories.

**RESPONSE:**

EXHIBIT A

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO
## DEFENDANT MABURN EDWARD WHITAKER

1.      Produce the complete investigation file of your insurance company, or of any insurance company, participating in any manner in the investigation or defense of this cause of action, (except for mental impressions and privileged communications with attorneys and statements made to the insurance company by the defendants) pertaining to their investigation of any issue in this case, including, but not limited to, any records obtained by any insurance adjuster or investigator, inter office records, reports made by the plaintiff or any other non-defendant witness or entity to the agency or insurance company or their representatives that sold them liability insurance, communications or correspondence that contain relevant evidence or might lead to the discovery of relevant evidence on any issue in this cause.

**RESPONSE:**

2.      Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis either in whole or in part of the opinions of any expert who is to be called as a witness.

**RESPONSE:**

3.      Produce copies of the files of all experts including, but not limited to, all working papers, notes, calculations, diagrams, photographs, models, exhibits and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial.

**RESPONSE:**

4.      Produce copies of all reports, opinions and mental impressions by all consulting experts whose reports, opinions and mental impressions have been reviewed by testifying experts.

**RESPONSE:**

5.      Produce copies of all treatises, rules, regulations, guidelines, statutes, policies or procedures, and any other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE:**

6.      Produce copies of invoices, bills or other billing materials for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

**RESPONSE:**

EXHIBIT A

7.      Produce a copy of the *Curriculum Vitae*, if available, for each expert Defendants intend to utilize in this case.

**RESPONSE:**

8.      Produce copies of all statements, either oral or written, made by the Plaintiff or any representative on behalf of Plaintiff concerning the subject matter of this lawsuit.

**RESPONSE:**

9.      Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writings sent to or received from or exchanged by and between Defendants and Plaintiff or Plaintiff's representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

10.     Produce copies of all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party, as a result of or relating to this lawsuit.

**RESPONSE:**

11.     Produce copies of all identifying documentation or materials in Defendants' possession pertaining to any non-party to this lawsuit named by Defendants that may be liable to Plaintiff for damages incurred as a result of the subject motor vehicle accident.

**RESPONSE:**

12.     Produce a copy of the title, registration, and any and all other identifying documentation pertaining to the vehicle of the vehicle that Defendant, MABURN EDWARD WHITAKER, was operating at the time of the subject motor vehicle accident.

**RESPONSE:**

13.     Produce a copy of all inspection and maintenance records pertaining to the vehicle of the vehicle or vehicle that Defendant, MABURN EDWARD WHITAKER, was operating at the time of the subject motor vehicle accident dated from MAY 22, 2019 up to and including AUGUST 8, 2020, the date of the subject motor vehicle accident.

**RESPONSE:**

14.     Produce a copy of Defendant, MABURN EDWARD WHITAKER'S personal driver's license and commercial driver's license.

**RESPONSE:**

EXHIBIT A

15.     Produce a copy of Defendant, MABURN EDWARD WHITAKER'S social security card.

**RESPONSE:**

16.     Produce copies of all still and moving photographs that are relevant to any issue involved in this lawsuit including, but not limited to, photographs that depict the scene of the accident and/or vehicles, the median barrier involved in the accident, and individuals involved in the subject accident.

**RESPONSE:**

17.     Produce copies of all repair estimates, appraisals, receipts, repair bills and/or other documents that describe and/or in any way relate to the damage done to and/or repair done to Defendants' vehicle as a result of the accident made the basis of this lawsuit.

**RESPONSE:**

18.     Produce copies of all repair and maintenance records and vehicle inspections concerning number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC.'s, vehicle involved in this cause, both two (2) years before and at all times after the subject accident.

**RESPONSE:**

19.     Produce copies of all drawings, maps, or sketches of the scene and/or vehicles involved in the subject accident.

**RESPONSE:**

20.     Produce copies of any surveillance movies, photographs or videotapes of Plaintiff or of the accident made the basis of this lawsuit.

**RESPONSE:**

21.     Produce a copy of any internal incident reports regarding the accident made the basis of this lawsuit which were made by Defendant and/or representatives of Defendant.

**RESPONSE:**

22.     Produce a copy of any citation and/or any final judgments received by any party as a result of the subject accident.

**RESPONSE:**

EXHIBIT A

23.    Produce copies of all documentation in the possession of number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC., pertaining to Defendant, MABURN EDWARD WHITAKER including, but not limited to, his entire personnel and/or employment files including, but not limited to, all medical physicals, medical examiner's certificates, checkups and drug testing, all past employment records, all disciplinary notices of reprimands, applications and follow-up reference reports and/or investigation of MABURN EDWARD WHITAKER, contractor agreements, payroll records, time cards, etc.).

**RESPONSE:**

24.    Produce a copy of Defendant, MABURN EDWARD WHITAKER' payroll records containing dates and times on and off from work from MARCH 1, 2019 TO SEPTEMEBR 1, 2019.

**RESPONSE:**

25.    Produce a copy of any and all documents or exhibits Defendant intends to utilize at trial.

**RESPONSE:**

26.    Produce a certified copy of each and every policy of insurance which may provide coverage to Defendants with respect to the subject motor vehicle accident, including all primary, excess or umbrella policies.

**RESPONSE:**

27.    Produce a copy of Defendant, MABURN EDWARD WHITAKER' log book, if any, from MAY 22, 2019 TO AUGUST 8, 2020.

**RESPONSE:**

28.    Produce the original or a copy of the log book for number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC.'s, vehicle involved in the subject accident on MAY 22, 2019.

**RESPONSE:**

29.    Produce a copy of the State of Texas and United States Department of Transportation reports, if any, filled out by Defendant, MABURN EDWARD WHITAKER pertaining to the subject motor vehicle accident.

**RESPONSE**

30.    Produce any and all documents or materials (including, but not limited to, driving manuals, safety manuals, policy manuals, maintenance manuals, reports, training videos or materials, memoranda, letters, notes or other data) related to the operation, maintenance, repair or use of the vehicle driven by Defendant, MABURN EDWARD WHITAKER, at the time of the subject accident, in effect on or about MAY 22, 2019, and all subsequent versions of each document to the present date.

**RESPONSE:**

31.    Produce any and all materials provided by number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC., to Defendant, MABURN EDWARD WHITAKER, pertaining to the operation of the vehicle involved in the subject accident including, but not limited to, driving and safety instructions and manuals, safety videotapes, operations guides, etc., in effect on or about MAY 22, 2019, and all subsequent versions of each to the present date.

**RESPONSE:**

32.    Produce a copy of the employee rules which govern the compliance with Federal Highway Administration-Department of Transportation, Texas Department of Transportation, U.S. Department of Transportation, Code of Federal Regulations Section 395 styled "Hours of Service of Drivers" and any like State of Texas regulations to the same effect.

**RESPONSE:**

33.    Produce a copy of the duty status reports of number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC.'s, Defendant, MABURN EDWARD WHITAKER, dated from MARCH 1, 2019 TO SEPTEMEBR 1, 2019 and all Daily Log documents).

**RESPONSE:**

34.    Produce a copy of any and all contingent agreements including, but not limited to, trip lease agreements, independent contractor agreements and employment agreements between number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, SOUTH EAST CARRIERS, INC., and its driver, Defendant, MABURN EDWARD WHITAKER.

**RESPONSE:**

35.    Produce a copy of the route slip(s) for the twenty-four (24) hour period on MAY 22, 2019 and for the twelve (12) hour period following.
**RESPONSE:**

EXHIBIT A

36.    Produce a copy of Defendant, SOUTH EAST CARRIERS, INC.'s daily vehicle inspection reports pertaining to the vehicle involved in the accident of MAY 22, 2019 dated from MAY 22, 2019 TO SEPTMEBER 1, 2019, including all records that verify safety defects and certified corrections of safety defects.

**RESPONSE:**

37.    Produce any and all documents (from MARCH 1, 2019 TO SEPTEMEBR 1, 2019) relating to Defendant, SOUTH EAST CARRIERS, INC. vehicle (which includes vehicle unit) which was involved in the MAY 22, 2019 accident including, but not limited to, state entrance records, satellite tracking records, checkpoint records, fuel receipts, toll tickets, fuel tax records, federal use tax records, gross receipts tax records for state filing, state permits, weigh tickets, mileage records, company regulatory compliance records, dispatch records and phone logs and bills.

**RESPONSE:**

38.    Produce any and all records, bills, hospital records, medical records, receipts, pharmacy records, or any other similar records generated as a result of any non-party requests for production relating to Plaintiff's injuries.

**RESPONSE:**

39.    Produce any and all documents (including, but not limited to, police reports, traffic tickets, violations and/or citations) pertaining to Defendant, MABURN EDWARD WHITAKER' and any criminal activity or history, including any arrests or convictions of any misdemeanor or felony crimes.

**RESPONSE:**

40.    Produce a copy of each and every document requested to be identified, which was identified or which was referred to in Defendants' Answers to Plaintiff's Interrogatories.

**RESPONSE:**

EXHIBIT A

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT SOUTH EAST CARRIERS, INC.

1.      Admit that on MAY 22, 2019 a collision occurred between a vehicle driven by MABURN EDWARD WHITAKER and/or owned by Defendant, SOUTH EAST CARRIERS, INC. and a vehicle in which PLAINTIFF JUAN ACOSTA DOMINGUEZ was driving.

ANSWER

ADMIT/DENY   CHOOSE ONE

2.      Admit that the collision occurred at 5600 BLOCK ON e. William Cannon Dr., in Austin, Travis County, Texas.

ANSWER

ADMIT/DENY   CHOOSE ONE

3.      Admit DEFENDANT SOUTH EAST CARRIERS, INC., vehicle was driven by DEFENDANT, MABURN EDWARD WHITAKER at the time of the impact.

ANSWER

ADMIT/DENY   CHOOSE ONE

4.      Admit that the DEFENDANT MABURN EDWARD WHITAKER'S vehicle was driving suffered visible damage.

ANSWER

ADMIT/DENY   CHOOSE ONE

5.      Admit that the vehicle PLAINTIFF, JUAN ACOSTA DOMINGUEZ, was driving suffered visible damage.

ANSWER

ADMIT/DENY   CHOOSE ONE

6.      Admit that DEFENDANT, MABURN EDWARD WHITAKER consumed alcoholic beverages within 24 hours prior to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

EXHIBIT A

7.    Admit that the PLAINTIFF'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

8.    Admit that the DEFENDANT'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

9.    Admit that DEFENDANT, MABURN EDWARD WHITAKER' failure to yield at the intersection was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

10.    Admit that you had the last clear chance to avoid the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

11.    Admit that DEFENDANT, MABURN EDWARD WHITAKER' failure to control speed was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

12.    Admit that DEFENDANT, MABURN EDWARD WHITAKER' failure to timely apply your brakes was the proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

13.    Do you admit that DEFENDANT, MABURN EDWARD WHITAKER was negligent with respect to the occurrence of the collision?

ANSWER

ADMIT/DENY   CHOOSE ONE

EXHIBIT A

14.    Admit that DEFENDANT, MABURN EDWARD WHITAKER was more than 50% in causing the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

15.    Admit that the cause of that collision was NOT due to a sudden emergency.

ANSWER

ADMIT/DENY    CHOOSE ONE

16.    Admit that the cause of the collision was NOT unavoidable.

ANSWER

ADMIT/DENY    CHOOSE ONE

17.    Admit that you are aware the policy limits demand has been made against your insurance company for payment and resolution of this lawsuit.

ANSWER

ADMIT/DENY    CHOOSE ONE

18.    Admit that you understand that if the jury awards PLAINTIFFS JUAN ACOSTA DOMINGUEZ any amount over policy limits that you will be personally responsible for such amounts.

ANSWER

ADMIT/DENY    CHOOSE ONE

19.    Admit that you understand that your insurance company has refused to tender or pay those funds, thereby subjecting your personal assets to risk of execution and foreclosure.

ANSWER

ADMIT/DENY    CHOOSE ONE

20.    Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the collision.

ANSWER

EXHIBIT A

ADMIT/DENY   CHOOSE ONE

21.     Admit that the weather did not play a role in this collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

22.     Admit that the road condition did not play a role in this collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

23.     Admit that DEFENDANT, MABURN EDWARD WHITAKER was not driving under emergency conditions prior to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

24.     Admit that at least one person in the collision could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

25.     Admit that DEFENDANT, MABURN EDWARD WHITAKER could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

26.     Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

27.     Admit that DEFENDANT, MABURN EDWARD WHITAKER could have avoided the collision.

ANSWER

EXHIBIT A

ADMIT/DENY   CHOOSE ONE

28.   Admit that PLAINTIFFS JUAN ACOSTA DOMINGUEZ injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

29.   Admit that DEFENDANTS have no facts to support a contention that PLAINTIFFS JUAN ACOSTA DOMINGUEZ'S injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

30.   Admit that the negligence of PLAINTIFF JUAN ACOSTA DOMINGUEZ if any, did not proximately cause the collision made the basis of this suit.

ANSWER

ADMIT/DENY   CHOOSE ONE

31.   Admit that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not fail to take evasive action.

ANSWER

ADMIT/DENY   CHOOSE ONE

32.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not fail to take evasive action.

ANSWER

ADMIT/DENY   CHOOSE ONE

33.   Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to take evasive action.

ANSWER

ADMIT/DENY   CHOOSE ONE

34.   Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to timely apply his brakes.

EXHIBIT A

ANSWER

ADMIT/DENY   CHOOSE ONE

35.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

36.   Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

37   Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

38.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to control her speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

39.   Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

40.   Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not drive at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY   CHOOSE ONE

41.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not drive at an excessive rate of

EXHIBIT A

speed (too slow or too fast).

ANSWER

ADMIT/DENY   CHOOSE ONE

42.     Admit that DEFENDANT, MABURN EDWARD WHITAKER drove at an excessive rate of speed (too fast).

ANSWER

ADMIT/DENY   CHOOSE ONE

43.     Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to sound her horn and give warning.

ANSWER

ADMIT/DENY   CHOOSE ONE

44.     Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to sound her horn and give warning.

ANSWER

ADMIT/DENY   CHOOSE ONE

45.     Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to sound his horn and give warning.

ANSWER

ADMIT/DENY   CHOOSE ONE

46.     Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY   CHOOSE ONE

47.     Admit that DEFENDANT, MABURN EDWARD WHITAKER has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain a proper lookout.

ANSWER

EXHIBIT A

ADMIT/DENY   CHOOSE ONE

48.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to maintain a proper lookout.

ANSWER

ADMIT/DENY   CHOOSE ONE

49.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain a safe and proper distance from the DEFENDANT, SOUTH EAST CARRIERS, INC.'s vehicle.
ANSWER

ADMIT/DENY   CHOOSE ONE

50.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC., has no facts to support a contention that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not fail to maintain a safe and proper distance from the Defendant's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

51.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

52.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

53.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain her brakes and/or other parts of his vehicle.

ANSWER

EXHIBIT A

ADMIT/DENY   CHOOSE ONE

54.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to maintain his
brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

55.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to drive in a reasonably
prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

56.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a
contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to drive in a reasonably
prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

57.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to drive in a
reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

58.    Admit that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

59.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a
contention that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

60.    Admit that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to

EXHIBIT A

exercise ordinary care.

ANSWER

ADMIT/DENY   CHOOSE ONE

61.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

ADMIT/DENY   CHOOSE ONE

62.    Admit that medical treatment received by PLAINTIFFS, JUAN ACOSTA DOMINGUEZ was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

63.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that medical treatment received by PLAINTIFFS JUAN ACOSTA DOMINGUEZ was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

64.    Admit that charges for the medical treatment received by PLAINTIFFS, JUAN ACOSTA DOMINGUEZ were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

65.    Admit that DEFENDANT, has no facts to support a contention that charges for the medical treatment received by PLAINTIFFS, JUAN ACOSTA DOMINGUEZ were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

66.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC.'S Corporate Representative personally answered these admissions.

EXHIBIT A

ANSWER

ADMIT/DENY   CHOOSE ONE

EXHIBIT A

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT MABURN EDWARD WHITAKER

1.     Admit that on MAY 22, 2019 a collision occurred between a vehicle driven by MABURN EDWARD WHITAKER and/or owned by Defendant, SOUTH EAST CARRIERS, INC. and a vehicle in which PLAINTIFF JUAN ACOSTA DOMINGUEZ was driving.

ANSWER

ADMIT/DENY   CHOOSE ONE

2.     Admit that the collision occurred at the 5600 Block on E. William Cannon Dr., in Austin , Travis County, Texas.

ANSWER

ADMIT/DENY   CHOOSE ONE

3.     Admit DEFENDANT SOUTH EAST CARRIERS, INC., vehicle was driven by DEFENDANT, MABURN EDWARD WHITAKER at the time of the impact.

ANSWER

ADMIT/DENY   CHOOSE ONE

4.     Admit that the DEFENDANT MABURN EDWARD WHITAKER'S vehicle was driving suffered visible damage.

ANSWER

ADMIT/DENY   CHOOSE ONE

5.     Admit that the vehicle PLAINTIFF, JUAN ACOSTA DOMINGUEZ, was driving suffered visible damage.

ANSWER

ADMIT/DENY   CHOOSE ONE

6.     Admit that DEFENDANT, MABURN EDWARD WHITAKER consumed alcoholic beverages within 24 hours prior to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

EXHIBIT A

7.     Admit that the PLAINTIFF'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

8.     Admit that the DEFENDANT'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

9.     Admit that DEFENDANT, MABURN EDWARD WHITAKER' failure to yield at the intersection was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

10.    Admit that you had the last clear chance to avoid the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

11.    Admit that DEFENDANT, MABURN EDWARD WHITAKER' failure to control speed was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

12.    Admit that DEFENDANT, MABURN EDWARD WHITAKER' failure to timely apply your brakes was the proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

13.    Do you admit that DEFENDANT, MABURN EDWARD WHITAKER was negligent with respect to the occurrence of the collision?

ANSWER

ADMIT/DENY   CHOOSE ONE

EXHIBIT A

14.     Admit that DEFENDANT, MABURN EDWARD WHITAKER was more than 50% in causing the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

15.     Admit that the cause of that collision was NOT due to a sudden emergency.

ANSWER

ADMIT/DENY   CHOOSE ONE

16.     Admit that the cause of the collision was NOT unavoidable.

ANSWER

ADMIT/DENY   CHOOSE ONE

17.     Admit that you are aware the policy limits demand has been made against your insurance company for payment and resolution of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

18.     Admit that you understand that if the jury awards PLAINTIFFS JUAN ACOSTA DOMINGUEZ any amount over policy limits that you will be personally responsible for such amounts.

ANSWER

ADMIT/DENY   CHOOSE ONE

19.     Admit that you understand that your insurance company has refused to tender or pay those funds, thereby subjecting your personal assets to risk of execution and foreclosure.

ANSWER

ADMIT/DENY   CHOOSE ONE

20.     Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the collision.

ANSWER
ADMIT/DENY   CHOOSE ONE

EXHIBIT A

21.    Admit that the weather did not play a role in this collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

22.    Admit that the road condition did not play a role in this collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

23.    Admit that DEFENDANT, MABURN EDWARD WHITAKER was not driving under emergency conditions prior to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

24.    Admit that at least one person in the collision could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

25.    Admit that DEFENDANT, MABURN EDWARD WHITAKER could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

26.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

27.    Admit that DEFENDANT, MABURN EDWARD WHITAKER could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

EXHIBIT A

28.    Admit that PLAINTIFFS JUAN ACOSTA DOMINGUEZ injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

29.    Admit that DEFENDANTS have no facts to support a contention that PLAINTIFFS JUAN ACOSTA DOMINGUEZ'S injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

30.    Admit that the negligence of PLAINTIFF JUAN ACOSTA DOMINGUEZ if any, did not proximately cause the collision made the basis of this suit.

ANSWER

ADMIT/DENY    CHOOSE ONE

31.    Admit that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

32.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

33.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

34.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to timely apply his brakes.

EXHIBIT A

ANSWER
ADMIT/DENY    CHOOSE ONE

35.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to timely apply his brakes.

ANSWER

ADMIT/DENY    CHOOSE ONE

36.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to timely apply his brakes.

ANSWER

ADMIT/DENY    CHOOSE ONE

37    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to control his speed.

ANSWER

ADMIT/DENY    CHOOSE ONE

38.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to control her speed.

ANSWER

ADMIT/DENY    CHOOSE ONE

39.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to control his speed.

ANSWER

ADMIT/DENY    CHOOSE ONE

40.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not drive at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY    CHOOSE ONE

41.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not drive at an excessive rate of speed (too slow or too fast).

EXHIBIT A

ANSWER

ADMIT/DENY   CHOOSE ONE

42.     Admit that DEFENDANT, MABURN EDWARD WHITAKER drove at an excessive rate of speed (too fast).

ANSWER

ADMIT/DENY   CHOOSE ONE

43.     Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY   CHOOSE ONE

44.     Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to sound her horn and give warning.

ANSWER

ADMIT/DENY   CHOOSE ONE

45.     Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to sound his horn and give warning.

ANSWER

ADMIT/DENY   CHOOSE ONE

46.     Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY   CHOOSE ONE

47.     Admit that DEFENDANT, MABURN EDWARD WHITAKER has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY   CHOOSE ONE

48.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to maintain a proper lookout.

ANSWER

ADMIT/DENY   CHOOSE ONE

49.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain a safe and proper distance from the DEFENDANT, SOUTH EAST CARRIERS, INC.'s vehicle.
ANSWER

ADMIT/DENY   CHOOSE ONE

50.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC., has no facts to support a contention that PLAINTIFF JUAN ACOSTA DOMINGUEZ did not fail to maintain a safe and proper distance from the Defendant's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

51.    Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

52.    Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

53.    Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

EXHIBIT A

ADMIT/DENY   CHOOSE ONE

54.   Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to maintain his
brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

55.   Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to drive in a reasonably
prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

56.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a
contention that PLAINTIFF, JUAN ACOSTA DOMINGUEZ did not fail to drive in a reasonably
prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

57.   Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to drive in a
reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

58.   Admit that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

59.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a
contention that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

60.   Admit that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to
exercise ordinary care.

EXHIBIT A

ANSWER

~~ADMIT/DENY   CHOOSE ONE~~

61.     Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

ADMIT/DENY   CHOOSE ONE

62.     Admit that medical treatment received by PLAINTIFFS, JUAN ACOSTA DOMINGUEZ was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

63.     Admit that DEFENDANT, SOUTH EAST CARRIERS, INC. has no facts to support a contention that medical treatment received by PLAINTIFFS JUAN ACOSTA DOMINGUEZ was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

64.     Admit that charges for the medical treatment received by PLAINTIFFS, JUAN ACOSTA DOMINGUEZ were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

65.     Admit that DEFENDANT, has no facts to support a contention that charges for the medical treatment received by PLAINTIFFS, JUAN ACOSTA DOMINGUEZ were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

66.     Admit that DEFENDANT, SOUTH EAST CARRIERS, INC.'S Corporate Representative personally answered these admissions.

ANSWER

ADMIT/DENY   CHOOSE ONE

67.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC.'S lawyer answered these admissions.

ANSWER

ADMIT/DENY   CHOOSE ONE

68.   Admit that DEFENDANT, MABURN EDWARD WHITAKER was not properly trained by DEFENDANT, SOUTH EAST CARRIERS, INC., to drive the vehicle he drove in the collision at hand.

ANSWER

ADMIT/DENY   CHOOSE ONE

69.   Admit that DEFENDNAT, SOUTH EAST CARRIERS, INC., did not provide adequate training to drivers on procedures after a car crash.

ANSWER

ADMIT/DENY   CHOOSE ONE

70.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC., did not adequately maintain their vehicles.

ANSWER

ADMIT/DENY   CHOOSE ONE

71.   Admit that DEFENDANT, SOUTH EAST CARRIERS, INC., is the owner of the 2018 MAR International tractor, license plate H41662HY, which was involved in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

72.   Admit that DEFENDANT, MABURN EDWARD WHITAKER was an unlicensed driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

EXHIBIT A

73.   Admit that DEFENDANT, MABURN EDWARD WHITAKER was an incompetent driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

74.   Admit that DEFENDANT, MABURN EDWARD WHITAKER was a reckless driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

75.   Admit that DEFENDANT, MABURN EDWARD WHITAKER' negligence caused the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

76.   Admit that PLAINTIFF, JUAN ACOSTA DOMINGUEZ was not negligent at the time of the collision made the basis of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

77.   Admit that DEFENDANT, MABURN EDWARD WHITAKER failed to operate the vehicle as a prudent driver on or about MAY 22, 2019.

ANSWER

ADMIT/DENY   CHOOSE ONE

78.   Admit that DEFENDANT, MABURN EDWARD WHITAKER was under the scope of employment with DEFENDANT, SOUTH EAST CARRIERS, INC., at the time of this incident.

ANSWER

ADMIT/DENY   CHOOSE ONE

79.   Admit that DEFENDANT, MABURN EDWARD WHITAKER was under the scope of employment with DEFENDANT, SOUTH EAST CARRIERS, INC., at the time of this incident.

ANSWER
ADMIT/DENY   CHOOSE ONE

EXHIBIT A

**COURTESY NOTICE TO DEFENDANT**

**IF YOU HAD INSURANCE AT THE TIME OF THE COLLISION, PLEASE FORWARD A COPY OF THIS PETITION TO YOUR INSURANCE COMPANY AND REQUEST THAT THEY PROVIDE YOU WITH A DEFENSE.**

1/11/2021 9:59 AM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-006510
Nancy Rodriguez**

## CAUSE NO. D-1-GN-20-006510

| | | |
|---|---|---|
| **JUAN ACOSTA DOMINGUEZ** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | **261ST JUDICIAL DISTRICT** |
| **V.** | § | |
| | § | |
| **MABURN EDWARD WHITAKER** | § | |
| **AND SOUTH EAST CARRIERS, INC.** | § | **TRAVIS COUNTY, TEXAS** |

---

### DEFENDANTS' ORIGINAL ANSWER

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW **MABURN EDWARD WHITAKER and SOUTH EAST CARRIERS, INC.** Defendants, in the above numbered and entitled cause, and file this Original Answer and for such Answer would respectfully show the following:

1.

Defendants invoke the provisions of Rule 92, Texas Rules of Civil Procedure; and do thereby exercise their legal right to require Plaintiff to prove all the allegations of his pleading, which are denied, and, accordingly, Defendants generally deny the allegations of Plaintiff's pleading and demand strict proof thereof by a preponderance of the evidence.

2.

### AFFIRMATIVE DEFENSES

Defendants would show that Plaintiff's damages, if any, were solely caused by matters or conditions not under the control of Defendants, or by conduct of parties over whom Defendants had no control. Said damages were caused in whole or in part by Plaintiff's own negligence, acts or omissions. Plaintiff failed to keep a proper lookout and take evasive action that would have prevented any damage. Accordingly, Defendants assert all rights, privileges and remedies

EXHIBIT A

afforded or available to it pursuant to Chapter 33 of the Texas Civil Practices & Remedies Code, and all applicable common and statutory laws of the state of Texas.

3.

Additionally, and/or in the alternative, Defendants would affirmatively show that Plaintiff's injuries and damages, if any, were caused by an unavoidable accident and/or were not the result of negligence of any person or party.

4.

Additionally, and/or in the alternative, Defendants would affirmatively show that Plaintiff has failed to properly mitigate his damages.

5.

## **REQUEST FOR JURY**

Defendants in the above styled and numbered cause respectfully request that this matter be set upon the Court's jury docket for trial by jury at such time as it is set for trial. Defendants would show that in conjunction with this request the requisite jury fee has been tendered to the Clerk of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff recover nothing, that Defendants recover costs of court, and Defendants request general relief.

Respectfully submitted,

**NAMAN, HOWELL, SMITH & LEE, PLLC**
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
Phone (512) 479-0300
FAX (512) 474-1901
aspy@namanhowell.com
jlea@namanhowell.com

BY: _____
P. Clark Aspy
State Bar No. 01394170
Jay Lea
State Bar No. 24062843

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by the manner indicated below to all counsel of record on this 11ᵗʰ day of January 2021.

Ruy Mireles
Mario Davila
Law Offices of Mario Davila, PLLC
P.O. Box 3726
McAllen, Texas 78502

_____
P. Clark Aspy

EXHIBIT A